# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TERRANCE JACOB HALE, | \* | |
| | \* | No. 15-1040V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: April 26, 2017 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs; |
| AND HUMAN SERVICES, | \* | reasonable hourly rate for attorney |
| | \* | from Portland, OR |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Eric J. Neiman, Lewis Brisbois Bisgaard & Smith LLP, Portland, OR, for Petitioner;
Lisa A. Watts, U.S. Dep't of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    After receiving compensation through the Vaccine Program, Terrance Jacob Hale filed a motion for attorneys' fees and costs. Mr. Hale is awarded **$69,725.00**.

          \*      \*      \*

    Mr. Hale alleged that the influenza vaccine caused him to develop Guillain-Barré Syndrome. Mr. Hale was awarded compensation based on the parties' stipulation. Decision, filed Dec. 16, 2016, 2016 WL 7735750. With the merits of Mr. Hale's case resolved, the parties addressed attorneys' fees and costs.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Mr. Hale requests $76,140.00 in attorneys' fees and $2,976.00 in attorneys' costs.  Pet'r's Fee Application, filed Jan. 19, 2017, at 3-4.  Mr. Hale incurred no costs personally.  See General Order #9 statement, filed March 31, 2017.

On February 2, 2017, the Secretary filed a response to Mr. Hale's application.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  Resp't's Resp., filed Feb. 2, 2017, at 3.

The matter is now ripe for adjudication.

I.      Attorneys' Fees

Because Mr. Hale received compensation, he is entitled to an award of reasonable attorneys' fees by right.  42 U.S.C. § 300aa-15(e).  Mr. Hale requests compensation for work performed by three attorneys (Eric Neiman, David Campbell, and David Artman), one paralegal (Desiree Marek), and one legal assistant (Evan Alford).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Because the lodestar process yields a reasonable amount, no departure is required.  Therefore, the following analysis focuses on the two components of the lodestar formula — a reasonable hourly rate and a reasonable number of hours.

A.      Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside of the District of Columbia, and the attorneys' rates are substantially lower.  Id. (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169

F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all of the attorneys' work was done outside of the District of Columbia.

Thus, under Avera, determination of an attorney's hourly rate is a three-step process.  "First, the hourly rate in the attorney's local area must be established. Second, the hourly rate for attorneys in Washington, DC must be established. Third, these two rates must be compared to determine whether there is a very significant difference in compensation."  Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing Avera, 515 F.3d at 1353 (Rader, J. concurring)), mot. for rev. denied, 91 Fed. Cl. 453 (2010), aff'd, 634 F.3d 1283 (Fed. Cir. 2011), corrected, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

The petitioner is responsible for producing satisfactory evidence "that the requested [hourly] rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum, 465 U.S. at 896.

1.    Mr. Neiman

The analysis below determines a reasonable hourly rate for Mr. Neiman, who is the most senior of the attorneys who represented Mr. Hale and who practices in Portland, Oregon.  Mr. Hale proposes that Mr. Neiman be compensated at a rate of $415 per hour without specifying whether this rate is a local rate or a forum rate.  The Secretary did not directly challenge the requested rates as unreasonable.  However, even in the absence of an objection from the Secretary, the reasonableness of the proposed rate for Mr. Neiman will be determined using the Avera process.

First, the hourly rates of the local area must be established.  To support the reasonableness of his hourly rate, Mr. Neiman provided information about his background and referenced surveys from the Oregon State Bar and Morones Analytics firm, as well as case law.[2]  Mr. Neiman stated that he has been practicing

---

[2] Mr. Neiman also relied upon comparisons to the Laffey Matrix to show the reasonableness of his hourly rate.  This was not persuasive because although the Laffey Matrix was used as a model for the structure of the current rate schedule, the Laffey rates are not applicable in the Vaccine Program.  See Rodriguez v. Sec'y of Health & Human Servs., No. 06-

as a litigation attorney since 1982 and is currently the managing partner at the Portland branch of Lewis Brisbois Bisgaard & Smith.  Pet'r's Fee Application at 5. Mr. Neiman specializes in health care issues, complex medical matters, and business litigation and has served as lead counsel in over 80 jury trials.  Id. Additionally, Mr. Neiman has served as a pro-term circuit court judge since 1991. Id.

In addition to his experience, Mr. Neiman relied on surveys from the Morones Analytics firm and the Oregon State Bar showing the hourly rates of attorneys in Portland, Oregon to support his claim that $415 was a reasonable rate. To illustrate that a $415 hourly rate is consistent with the market, Mr. Neiman compared rates from 2014, 2012, and 2007 to show the increase in rates over the years.[3]  The Oregon State Bar surveys documented several statistics including the average billable rates for attorneys with varying years of experience.  See Fees Application, Exhibit 4 at 5-6; Fees Application, Exhibit 5 at 5-6.  In 2007, an attorney in Portland, Oregon with more than 30 years of experience billed at an average rate of $287 per hour.  Fees Application, Exhibit 5 at 32.  By 2012, an attorney in Portland with more than 30 years of experience billed an average rate of $340 per hour.  Fees Application, Exhibit 4 at 34.  The Morones Analytics firm reported that in 2014 the average rate for an attorney with 30 or more years of experience was $485 per hour.  Fees Application, Exhibit 3 at 2.

Mr. Neiman also referenced recent decisions to show the reasonableness of the rate he was charging.  The first case Mr. Neiman used to illustrate the reasonableness of his claim involved awarding attorneys' fees for work in a case involving a retaliation claim and due process violations.  Cleavenger v. Univ. of Oregon, No. CV-13-1908-DOC, 2016 WL 1065821 (D. Or. Mar. 16, 2016).  In that case, an attorney who began his career in 1989, tried over 100 cases to jury verdict, and worked in complex plaintiffs' litigation requested an hourly rate of $450.  Id. at *4.  The court relied upon the 2012 Oregon Bar Survey and the evidence in the record to determine that an hourly rate of $400 was reasonable.  Id. Mr. Neiman also relied upon a civil rights lawsuit to support the reasonableness of

---

559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009), mot. for rev. denied, 91 Fed. Cl. 453 (2010), aff'd, 632 F.3d 1381 (Fed. Cir. 2011); Masias, 2009 WL 1838979.

[3] In his fee application, Mr. Neiman compared rates in Portland in 2014 and 2012 to the rates for the State of Oregon in 2007. However, in this decision the undersigned has compared the rates for Portland, OR for all three years. The information for Portland, OR in 2007 came from the Oregon State Bar Survey.

his hourly rate.  <u>Prison Legal News v. Columbia County</u>, No. 3:12-CV-00071-SI, 2014 WL 1225100 (D. Or. Mar. 24, 2014).  There, the court considered several factors, including the 2012 Oregon State Bar Survey and the Morones 2012 Survey, to determine that it was reasonable for an attorney with 21 years of experience and an attorney with 39 years of experience to bill at a rate of $400 per hour.  <u>Id.</u> at 9.

      <u>Cleavenger</u> and <u>Prison Legal News</u> appear to involve factual situations in which the legal work is more complicated than a claim in the Vaccine Program that an influenza vaccine caused Guillain-Barré syndrome.  Thus, the rates found reasonable in those cases are not necessarily transferrable to this case.  But, Mr. Hale has provided additional evidence that supports a finding that a reasonable hourly rate for an attorney working in Portland, Oregon with Mr. Neiman's qualifications is $415 per hour.

      The next step in the process for adjudicating a claim for forum rates is to find the comparable rate for a similar attorney who practices in Washington, DC. <u>See generally</u> <u>McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09-293V, 2015 WL 5634323, at * 17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (setting forum rates) <u>reconsideration denied</u> No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  In Washington, DC, it is reasonable for an attorney with 20-30 years' experience to request an hourly rate ranging from $350–$415.  <u>Id.</u> at *19.[4] Mr. Neiman would fall into this tier based upon his experience.

      Mr. Neiman's overall legal experience would place him in the range of $350–$415 in the <u>McCulloch</u> matrix.  <u>Id.</u>  Mr. Hale is requesting the maximum hourly rate for Mr. Neiman's work in this case.  However, Mr. Neiman is new to practicing in the Vaccine Program.  A reasonable hourly rate should account for this lack of experience within the Vaccine Program.  Based upon the undersigned's experience, a reasonable hourly rate for an attorney with Mr. Neiman's background who practiced in Washington, DC is $375 per hour.

---

[4] Subsequently, the Attorneys' Forum Hourly Rate Fee Schedule, which was posted on the Court of Federal Claims website, amended this <u>McCulloch</u> range slightly.  <u>OSM Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016</u>, United States Court of Federal Claims (March 30, 2017), http://uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf (adding a 31+ years of experience in practice, a $385–$430 range, and thus adjusting the 20-30 years of experience in practice range to $350–$415, and further adding a paralegal range, $125–$145.

The third step in the process is to compare the local rates to the forum rates to determine if a significant difference exists. Here, the local rate for Portland, Oregon actually exceeds the forum rate for Washington, DC. Although this does not happen often, the Federal Circuit has determined that the forum rate is effectively a ceiling. See Rodriguez v. Sec'y of Health & Human Servs., 632 F.3d 1381, 1385-86 (Fed. Cir. 2011). Therefore, Mr. Neiman will be compensated using forum rates.

### 2. Other Professionals

Mr. Hale also requests fees for the two additional attorneys who worked on the case (David Campbell and David Artman), a paralegal (Desiree Marek), and a litigation assistant (Evan Alford).

Mr. Campbell has 13 years of experience and charged an hourly rate of $285 for work on this case. This rate falls below the range of rates for an attorney with 11-19 years of experience in the McCulloch matrix and will therefore be accepted as reasonable. Id. Mr. Artman has five years of experience and charged $245 per hour for his contributions to the case. This rate falls within the McCulloch matrix and is therefore accepted as reasonable. Id.

Mr. Hale also requested compensation for Desiree Marek and Evan Alford for their work on his case. Ms. Marek earned her master's degree and has 15 years of experience as a litigation paralegal. For her work on this case, Ms. Marek requested a rate of $160 per hour. However, her requested rate is higher than the range set forth for paralegals in the McCulloch matrix. Id. Based upon her education and experience, Ms. Marek will be awarded the highest hourly rate for paralegals, which is $145 per hour. Mr. Alford is a litigation assistant who charged a rate of $115 per hour and $90 per hour for his work. These rates are reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human

Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination …and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies.").  In this case, Mr. Neiman recorded 32.6 hours of work, Mr. Campbell recorded 79.1 hours of work, Mr. Artman recorded 17.1 hours of work, Ms. Marek recorded 204.9 hours of work, and Mr. Alford recorded 11.1 hours of work.  Pet'r's Fee Application at 3.

   The hours requested are reasonable with two exceptions. The first is the number of the hours billed for learning about the Vaccine Program.  Attorneys are not compensated for the time they spend familiarizing themselves with the practices of the Vaccine Program.  See Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445, at *4 (Fed. Cl. Spec. Mstr. June 20, 2016); Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007) ("an inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task").  Therefore, each individual's total hours will be reduced by the amount of time spent educating himself or herself about the Vaccine Program.

   Second, Mr. Hale requests $2,000 for fees associated with post-settlement matters.  A fee applicant bears the burden to provide sufficiently documented records so that a special master can determine if the requested amount is reasonable.  Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009).  Specific billing records include the activity that was performed, the number of hours, and who performed that activity. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-28 (2008).

   The $2,000 amount was described as "anticipated fees for post-settlement matters." Pet'r's Fee Application at 4.  The only evidence provided in support of this request were statements from Mr. Neiman and Mr. Jones asserting that this was a reasonable amount. Pet'r's Fee Application, Neiman Affidavit Declaration at 4; Pet'r's Fee Application, Affidavit Declaration of Timothy Jones at 3.  The fee application did not include evidence about the number of hours or the hourly rate to reach this amount.  Petitioner has not carried his burden in showing that the $2,000 post-settlement request is reasonable, and therefore will not be compensated for this amount.

The following shows the calculation of the attorneys' fees that will be awarded in this case:

Mr. Eric Neiman: $375 x 32 hours
Mr. David Campbell: $285 x 73.6 hours
Mr. David Artman: $245 x 16.8 hours
Ms. Desiree Marek: $145 x 201.8 hours
Mr. Evan Alford: $115 x 3.8 hours and $90 x 7.3 hours

Mr. Hale will be awarded $67,447.00 in attorneys' fees.

II.     Costs

In addition to seeking an award for attorneys' fees, Mr. Hale seeks compensation for costs expended in the amount of $2,976.00.  The amount requested represents costs associated with routine items, such as gathering medical records and consulting with medical professionals.  A majority of the costs are adequately documented and reasonable.

However, the documentation provided by Mr. Hale does not account for all of his requested costs.  When there is no evidence supporting the request for a cost, special masters cannot evaluate the reasonableness of the request.  See Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *15 (Fed. Cl. Spec. Mstr. June 15, 2009), mot. for rev. denied (slip op. Dec. 10, 2009), aff'd, 406 Fed. Appx. 479 (Fed. Cir. 2011); Long v. Sec'y of Health & Human Servs., No. 91-326, 1995 WL 774600, at *8 (Fed. Cl. Spec. Mstr. Dec. 21, 1995) ("[the court] simply cannot compensate petitioner for undocumented, unexplained charges").  The undersigned will not compensate Mr. Hale for undocumented costs.  Additionally, Mr. Hale has not demonstrated the reasonableness of 'no-show' fees.

Therefore, after these deductions, Mr. Hale is awarded $2,278.00 in costs.

*     *     *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $69,725.00 ($67,447.00 in fees and $2,278.00 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards **$69,725.00** in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $69,725.00, in the form of a check made payable to petitioner and petitioner's attorney, Eric J. Neiman, of Lewis Brisbois Bisgaard & Smith LLP, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]


**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing notice renouncing the right to seek review.